UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUMMONS ISSUED

----------------------------------------------------------------X

CHARLENE MCGREGOR,

                           Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER TOMASZ FIL (Shield #21392) Individually and in His Official Capacity; and JOHN/JANE DOES, Nos. 1-3 Individually and in Their Official Capacities (members of the New York City Police Department whose names are presently unknown to Plaintiff),

                           Defendants.

----------------------------------------------------------------X

**COMPLAINT**

**CV 12-5256**

**Jury Trial Demanded**
ECF Case

KUNTZ, J.

GO, M.J.

The plaintiff, complaining of the defendants, by her attorney, H. Benjamin Perez, Esq. of Perez and Cedeno, P.C., respectfully shows to the Court and alleges:

### JURISDICITION AND VENUE

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 as well as pursuant to the laws of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4. Venue is appropriate pursuant to U.S.C. section 1391(b)(1).

5. That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. Section 1367.

### NATURE OF ACTION

## NATURE OF ACTION

6. Plaintiff brings this action for compensatory damages, punitive damages, an attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1988 for violation of her civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the Constitution of the United States. Plaintiff also asserts supplemental claims under New York law.

## JURY DEMAND

7. Plaintiff respectfully demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. That the plaintiff, CHARLENE MCGREGOR, is a 26 year-old resident of the County of Kings in the City of New York and State of New York, and is an African-American female.

9. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK ("NYC"), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. NYC maintains and operates the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. NYC assumes the risk incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

10. Defendant POLICE OFFICER TOMASZ (Shield # 21392) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD acting for, upon, and in furtherance of the business of his employer and within the scope of his employment. Defendant Tomasz is being sued in his individual and official capacities.

11. All John Doe defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual and official capacities.

12. The NYPD, is a local government agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

13. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

14. Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actor acting under the color of law.

## STATEMENT OF FACTS

15. On September 4, 2011, at approximately 2:00 A.M., the plaintiff and several friends were going to a Labor Day Party, namely the International Flag Cooler Fete, sponsored by Massive B/Suparoy/Ballers Crew, which was being held outdoors at Ralph Avenue and Preston Street in Brooklyn, New York. When plaintiff arrived at the event, there was a line of other event-goers standing at the entrance waiting to be allowed to enter. At some point shortly thereafter, the police officers standing at the entrance decided not to allow

anyone else entry even though the event was still ongoing and patrons waiting in line had their paid admission tickets.

16. Plaintiff, who was one of the party-goers with a prepaid admission ticket, decided to ask the police officers at the entrance why the event was being closed early and whether the shutdown was temporary. When plaintiff approached one of the officers standing at the entrance and asked why the event had been closed, one of the police officers retorted that he closed the party "because he felt like it". The plaintiff attempted to explain and show the officers that she had an admission ticket to the party when, within seconds and without warning or provocation, several police officers tackled her from behind, causing her to fall face first to the ground. The police officers then proceeded to violently handcuffed plaintiff, even though plaintiff offered no resistance. As a result of the violent takedown, plaintiff suffered several bruises to her body. At no point prior to being tackled to the ground was the plaintiff asked to leave, nor was she ever advised that she was about to be arrested.

17. Plaintiff was placed under arrest and transported to the local precinct by three unknown police officers who cursed at plaintiff and verbally berated her when she continued to ask them why she had been arrested. Once at the precinct, the police officers continued to verbally berated the plaintiff and call her names, specifically, calling her a "bitch." While at the precinct, plaintiff attempted to get the attention of the police officers because she needed some water. The officers ignored plaintiff for approximately an hour before she was finally given some water to drink. The identical scenario occurred with respect to the plaintiff's request to make a telephone call.

4

18. Plaintiff, who had never been arrested before, was eventually taken to Central Booking in Kings County, where she was forced to spend the night in jail waiting to see a judge.

19. Plaintiff was accused of the crimes of PL 190.05, Obstructing Governmental Administration in the Second Degree, PL 205.30, Resisting Arrest, PL 240.20(6), Disorderly Conduct and PL 190.23, False Personation. According to the complaint sworn to by Police Officer Tomasz, plaintiff had disobeyed several orders to disperse, failed to produce identification resisted being arrested. The sworn allegations by defendant Police Officer Tomasz were completely false.

20. Eventually, at approximately 3:00 P.M. on Monday, September 5, 2011, plaintiff was brought before a judge and released, after having spent approximately 37 hours in jail awaiting arraignment.

21. In defense of these charges plaintiff had to hire an attorney, costing her at total of $4,500.00 in legal fees. On October 4, 2011, the charges against plaintiff were adjourned in contemplation of dismissal, and on April 3, 2012, the charges were dismissed in their entirety.

22. As a result of this false arrest, plaintiff, who was a third-year law student at the time, lost her final internship position at the Kings County District Attorney's Office, which plaintiff needed in order to graduate from law school. Consequently, plaintiff's graduation from law school was delayed for an additional six months, causing her to lose six months worth of professional salary as an attorney.

23. As a result of the foregoing, plaintiff sustained, *inter alia*, mental injuries, emotional distress, embarrassment, humiliation, deprivation of her liberty, and violation of his constitutional rights.

24. That on about December 1, 2011, a notice of claim was served on the New York City Police Department and the Comptroller of the City of New York on behalf of plaintiff, and that as of this date plaintiff's demand for payment has not yet been addressed by the defendants.

19. That more than thirty days have elapsed since the service of the aforementioned notices of claims for the plaintiff and that adjustment or payment thereof has been neglected or refused.

20. That the state claim in this cause of action is commenced within one year and ninety days of when this cause of action arose as to plaintiff and that the federal claims are brought in a timely manner within three years of the date they accrued.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT FALSE ARREST

21. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

22. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was subject to being falsely arrested by the defendants.

23. That the defendant confined the plaintiff, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff was conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

24. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States

Constitution being more particularly plaintiff's right to be free from arrest without probable cause.

25. That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

26. That the several defendants who knew of the false arrest and allowed the illegal detention of the plaintiff to commence and continue, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene.

27. That by reason of the false arrest, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, she incurred attorneys' fees, damage to her reputation and career, her law school graduation date was pushed back a semester, she lost her position with the Kings County District Attorney's Office and she was subjected to numerous other harms.

28. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS, and she is entitled to an award of punitive damages, and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
MALICIOUS PROSECUTION**

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

30. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that the plaintiff was maliciously prosecuted by the defendants.

31. That the said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings ultimately terminated in favor of the plaintiff via a dismissal of all the false charges and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

32. That by reason of the unlawful malicious prosecution, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, she incurred attorneys' fees, damage to her reputation and career, her law school graduation date was pushed back a semester, she lost her position with the Kings County District Attorney's Office, delayed the start of her professional career, and she was subjected to numerous other harms.

33. That defendants, the New York City Police Officers who are supervisors within the defendant NYC's Police Department, who knew of the malicious prosecution and who continued to allow and/or participate in the prosecution of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation failed to remedy the wrong are liable to the plaintiff for the violation of her rights pursuant to the Fourth Amendment.

34. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS, and she is entitled to an award of punitive damages, and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO THE LAW OF THE STATE OF NEW YORK VIA A MALICIOUS PROSEUCTION

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

37. That plaintiff's rights have been violated, pursuant to the law of the State of New York via a malicious prosecution by the defendants.

37. That the defendant NYC is vicariously liable to the plaintiff for the individual defendants' common law torts via the principle of *respondeat superior*.

38. That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLE § 1602(1)(b).

39. That the said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings ultimately terminated in favor of the plaintiff via a dismissal and in that the action was commenced and continued intentionally, with malice and with deliberate indifference to plaintiff's rights.

40. That by reason of the unlawful malicious prosecution, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, she incurred attorneys' fees, damage to her reputation and career, her law school graduation date was pushed back a semester, she lost her position with the Kings County District Attorney's Office and she was subjected to numerous other harms.

41. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOALTION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
### VIA EXCESSIVE AND UNREASONABLE FORCE
### AND UNREASONABLE TERMS OF HER CONFINEMENT

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

43. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force by the defendants, as well as to unreasonable terms and conditions of her confinement by the defendants.

44. That the said behavior was effected by the defendants without authority of law and without any reasonable necessity to use any force and that the force employed was used without legal justification, without plaintiff's consent, with malice and with intent to inflict pain and suffering.

45. That the defendants intentionally and deliberately exerted unreasonable force in the apprehension of the plaintiff, held up the plaintiff's request for water and access to a telephone and verbally berated the plaintiff, constituted an unreasonable confinement.

46. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States constitution being more particularly plaintiff's right to be free from the use of excessive and unreasonable force and unreasonable terms and conditions of her confinement.

47. That by reason of the violations of her Constitutional rights the plaintiff was harmed physically as she suffered scratches and bruises on her foot and knee, and she was harmed emotionally suffering humiliation, embarrassment, anxiety, damage to her reputation and career, her law school graduation date was pushed back a semester, she lost her position with the Kings County District Attorney's Office and she was subjected to numerous other harms.

48. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS, and she is entitled to an award of punitive damages, and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE,** plaintiff demands the following relief jointly and severably against all the defendants:

a. Compensatory damages in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS;

b. Punitive damages in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS

c. Reasonable attorneys' fees and costs of this litigation; and

d. Such other relief as this Court deems just and proper.

DATED: NEW YORK, NEW YORK
September 22, 2012

Respectfully submitted,

H. Benjamin Perez, Esq.
PEREZ & CEDENO, P.C.
*Attorneys for Plaintiff* Charlene McGregor
350 Broadway, Suite 400
New York, NY 10013

Tel.: (212) 226-8426
Fax: (212)226-8496
hbperez@perezandcedeno.com